Jaime Edver **CASTILLO ZAMORA;**
et al., Petitioners,

v.

Eric H. **HOLDER** Jr., Attorney
General, Respondent.

No. 07–72403.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of The District Counsel, Seattle, WA, David V. Bernal, Attorney, Colette J. Winston, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Jaime Edver Castillo Zamora, his wife Silvia Veronica Ramirez de Castillo, and their daughter, all natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for withholding of removal and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, and we review de novo the agency's

** This disposition is not appropriate for publication and is not precedent except as provid-

legal determinations. *See Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the agency's findings that the harm Castillo Zamora suffered during a robbery did not constitute past persecution on account of a protected ground, and that he was unable to demonstrate a clear probability of future persecution on account of a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865–67 (9th Cir.2001). Accordingly, Castillo Zamora's withholding of removal claim fails.

■ The BIA did not err in concluding that Castillo Zamora's daughter was ineligible for cancellation of removal because she lacked a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D).

Castillo Zamora's contentions that the BIA legally erred by applying an improper hardship standard and by failing to consider relevant hardship factors are not supported by the record. "Because the [agency] applied the correct legal standard in this case, and because we may not proceed further to examine its application of the facts of this case to the 'exceptional and extremely unusual hardship' standard," we dismiss the petition as to Castillo Zamora's and Ramirez de Castillo's cancellation of removal claims. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir.2009).

Petitioners' motion to amend the record is granted.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**